UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
SHENZHEN LONG KING LOGISTICS CO., LTD.,

                           Plaintiff,

      -against-

HOP WO INT'L TRADING, INC. and YAOHUA LI,

                           Defendants.

-------------------------------------------------------------------x

Docket No.: 1:22-cv-10682

**VERIFIED COMPLAINT**

Plaintiff, SHENZHEN LONG KING LOGISTICS CO., LTD. ("Shenzhen"), by its attorneys, KEVIN KERVENG TUNG, P.C., as and for its complaint against the defendants, HOP WO INT'L TRADING, INC. ("Hop") and YAOHUA LI ("Li") allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution, and 28 U.S.C. §1331 (federal question), §1333 (maritime) and, as hereafter more fully appears, is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the carriage of goods by sea to ports of the United States in foreign trade and thus comes under the laws of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701, and federal maritime common law as it applies to international carriers and transportation.

2. The venue is proper in this District because the Bill of Lading expressly designates the United States District Court for the Southern District of New York as the place of trial.

**THE PARTIES**

3. Plaintiff Shenzhen, at all times hereinafter mentioned, was and still is a foreign corporation duly organized and operating under the laws of The People's Republic of China, and

1

having its principal place of business located at International Commercial Building, North Tower, Room 1004, Jiabin Road, Luohu District, Shenzhen, China.

4. Upon information and belief, Defendant Hop, at all times mentioned, is a domestic corporation organized and existing under the laws of the State of New York. Its principal place of business is located at 1250 Metropolitan Avenue, Brooklyn, New York, 11237.

5. Upon information and belief, Defendant Li is an individual residing in the City and State of New York and he is also the chief executive officer of Hop.

## STATEMENT OF FACTS

6. Plaintiff Shenzhen is a company engaged in the business commonly known as a "freight forwarder." Plaintiff Shenzhen is a China-registered Non-Vessel Operator Common Carrier ("NVOCC"). As an NVOCC, Shenzhen does not own the vessels (whether ocean-going or air) by which Shenzhen, by itself or through agents around the world, arranges the passage of its customer's freight, which is typically encased in transport containers of the type found on ocean-going container ships, or is an agent for Defendant Hop for all Hop's U.S. in-bound shipments from China, especially for those shipments of the Hop's various importer customers.

7. Because Plaintiff Shenzhen does not have a branch office in New York City, Plaintiff Shenzhen hired Worldwide Freight System NY, LLC to collect freight charges and release containers for customers of Plaintiff Shenzhen.

8. Between January 2022 and March 2022, Defendant Li contacted Plaintiff Shenzhen to transport nine (9) containers from China to the United States. Defendant Hop, the consignee of all shipments, agreed to pay for the freight charges at the destination in New York, United States when Defendant Hop picked up the nine (9) containers.

9. Between April 2022 and June 2022, Plaintiff Shenzhen completed transporting all of the nine (9) containers requested by Defendant Hop from China to New York. Defendant Hop failed to make the required payment for freight charges to Plaintiff Shenzhen. Because the exorbitant demurrage will be incurred, Shenzhen had no choice but had to release all of the (9) containers to consignee to avoid the exorbitant demurrage, even if Plaintiff Shenzhen has not received freight payment from Defendant Hop as part of effort on the plaintiff to mitigate damages.

10. The Bill of Ladings for the nine (9) containers is as follows:

(a) Our HBL No.: LKL22013401 - Container No.: TXGU6135336 - Freight Charge Due $16,000.
(b) Our HBL No.: LKL22023412 - Container No.: CAIU8452708 - Freight Charge Due $11,800.
(c) Our HBL No.: LKL22023413 - Container No.: CSNU6017654 - Freight Charge Due $12,000.
(d) Our HBL No.: LKL22023417 - Container No.: CMAU4669909 - Freight Charge Due $12,000.
(e) Our HBL No.: LKL22033416 - Container No.: TGHU8849028 - Freight Charge Due $12,000.
(f) Our HBL No.: LKL22033421 - Container No.: ECMU9844355 - Freight Charge Due $12,500 Plus Trailer Fee in China $166.
(g) Our HBL No.: LKL22033422 - Container No.: HDMU6741126 - Freight Charge Due $12,300.
(h) Our HBL No.: LKL22033423 - Container No.: FSCU8039380 - Freight Charge Due $12,300.
(i) Our HBL No.: LKL22043431 - Container No.: BMOU5425036 - Freight Charge Due $11,000 plus Trailer Fee in China $315.
In total: Freight Charge: $112,381.00

11. Plaintiff Shenzhen has fulfilled its obligations under the contracts. Copies of the Bill of Ladings are annexed herewith as Exhibit "A."

12. As a result of Defendant Hop's breach, Plaintiff Shenzhen has and will continue to suffer losses in the total principal sum of $112,381.00, exclusive of interest, costs and disbursements, and reasonable attorneys' fees.

**FIRST CLAIM FOR RELIEF**

**(LIABILITY OF DEFENDANT FOR BREACH OF MARITIME CONTRACT)**

12. Plaintiff Shenzhen repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "11" of the Complaint, with the same force and effect as if more fully set forth at length herein.

13. By virtue of the foregoing, Defendant Hop breached its contractual agreements with Plaintiff Shenzhen and is therefore liable for the damages sustained by Plaintiff Shenzhen.

14. Adequate and prompt notice of the aforesaid breach has been provided to Defendant Hop or its agent. Plaintiff Shenzhen has at all material times complied with all obligations under its contracts with Defendant Hop.

15. As a result of the breach of the maritime contract on the part of Defendant Hop, Plaintiff Shenzhen sustained damages totaling $112,381.00.

## SECOND CLAIM FOR RELIEF

**(QUANTUM MERUIT)**

16. The Plaintiff Shenzhen repeats and realleges each and every allegation contained in paragraphs "1" through "15".

17. Plaintiff Shenzhen's completion of transporting all of the nine (9) containers requested by Defendant Hop from China to New York conferred a benefit upon the defendants.

13. The defendant received and accepted the plaintiff's lending loan but has not repaid the loan to the plaintiff.

18. Plaintiff Shenzhen reasonably expected to be paid for the services provided to defendants.

19. As a result of the failure to make payments by defendants for the services received from plaintiff Shenzhen, Plaintiff Shenzhen sustained damages totaling $112,381.00.

4

### THIRD CLAIM FOR RELIEF

### (UNJUST ENRICHMENT)

20. The Plaintiff Shenzhen repeats and realleges each and every allegation contained in paragraphs "1" through "19".

21. As a result, the defendants has been unjustly enriched by the plaintiff's services to transport all of the nine (9) containers requested by Defendant Hop from China to New York; therefore, the defendants are required by law and equity to pay the Plaintiff Shenzhen for its services.

22. The defendants' refusal to pay the Plaintiff Shenzhen for the services provided by plaintiff to defendants has damaged the plaintiff. It would be inequitable for the defendants to be conferred a benefit without paying the plaintiff in any amount.

23. The value and benefit conferred upon the defendants by the plaintiff will be determined at trial; however, it should be at least $112,381.00.

### FOURTH CLAIM FOR RELIEF

### (MISREPRESENTATION)

24. The Plaintiff Shenzhen repeats and realleges each and every allegation contained in paragraphs "1" through "23".

25. Defendants' representations to pay Plaintiff Shenzhen for the services of transporting nine (9) containers from China to New York are false, and the defendants knew that they were false when they made them to the plaintiff. The defendants made them with the intent to and did, deceive the plaintiff into believing that Defendant Hop and Li would pay for the freight.

26. The plaintiff detrimentally relied upon the representations of the defendants, which induced the plaintiff to enter into the agreement to transport the nine (9) containers from China to New York.

27. Between April 2022 and June 2022, Plaintiff Shenzhen completed transporting all of the nine (9) containers requested by Defendant Hop from China to New York. Defendant Hop failed to make the required payment for freight charges to Plaintiff Shenzhen. Because the exorbitant demurrage will be incurred, Shenzhen had no choice but had to release all of the (9) containers to consignee to avoid the exorbitant demurrage, even if Plaintiff Shenzhen has not received freight payment from Defendant Hop as part of effort on the plaintiff to mitigate damages.

28. As a result of Defendant Hop's breach, Plaintiff Shenzhen has and will continue to suffer losses in the total principal sum of $112,381.00, exclusive of interest, costs and disbursements, and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF

### (PIERCING THE CORPORATE VEIL)

29. The Plaintiff Shenzhen repeats and realleges each and every allegation contained in paragraphs "1" through "28".

30. Upon information and belief, Defendant Hop and Li failed to adhere to the formalities of corporate existence in that it failed to keep adequate records relating to the governance of its corporate affairs and accounting of its finances, in that it failed to issue share certificates or to obtain any capital contribution.

31. Defendant Li, the executive director of Hop, completely dominated the corporation in that he organized, managed, and controlled Hop. Defendant Hop and Li conducted the business

of Hop in disregard of its corporate formalities and in a manner that suited Defendant Li's own personal convenience.

32. By virtue of the foregoing, Defendant Hop, primarily transacted the business of Defendant Li rather than its own business and acted as the alter ego of Defendant Li.

33. In view of the defendant's disregard of the formalities of Hop's corporate existence, an adherence to the fiction of such separate corporate existence of Hop would result in injustice to the plaintiff.

34. By reasons of the foregoing, Defendant Li is personally responsible for Defendant Hop's aforesaid indebtedness to the plaintiff in the amount of in the total principal sum of $112,381.00, exclusive of interest, costs and disbursements, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

35. Plaintiff Shenzhen hereby demands trial by jury for any and all claims, if any, under F.R.Civ.P. 38(a).

## REQUEST FOR RELIEF

Plaintiff Shenzhen respectfully requests that a judgment be entered as follows:

A. Directing that Defendant Hop and Li pay compensatory damages of $112,381.00 on all claims against Defendant Hop.

B. Awarding Plaintiff Shenzhen reasonable costs, disbursements, and attorney's fees for the prosecution of this action.

C. Awarding the Plaintiff such other and further relief as may be just and proper.

Dated: Queens, New York
December 16, 2022

KEVIN KERVENG TUNG, P.C.
Attorneys for the Plaintiff

_____

By: Kevin K. Tung, Esq.
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
(718) 939-4633